IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| NAPOLEON GRAY,         )<br>                              )<br>     Plaintiff,         )<br>                              )<br>     v.                     )<br>                              )<br>GOVERNOR NATHAN DEAL, et al.,   )<br>                              )<br>     Defendants.        )<br>                              ) | CIVIL ACTION NO. 5:15-CV-169 (MTT) |

## ORDER

The Court previously granted Plaintiff Napoleon Gray leave to proceed *in forma pauperis* and ordered him to amend his complaint because it did not comply with Fed. R. Civ. P. 8(a)(2)'s requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." (Doc. 4). Specifically, the Court ordered that the amended complaint

> include a *short and plain* statement of the facts showing he is entitled to relief in separately numbered paragraphs. The complaint should be organized by claim and should specify exactly what actions each named Defendant did (or failed to do) and how these actions or inactions support each asserted claim. The Plaintiff must also include a demand for the type of relief he is seeking.

(Doc. 4 at 2-3). The Plaintiff was warned that failure to comply with the Court's order would result in the dismissal of his case. The Plaintiff has now amended his complaint (Doc. 5), but the amended complaint does not comply with the Court's order. There are no separately numbered paragraphs, the Plaintiff does not specify what claim(s) he is asserting (beyond passing references to § 1983), and the complaint does not contain a short and plain statement showing he is entitled to relief. Nevertheless, because the

Plaintiff attempted to comply with the Court's order and because pro se pleadings are to be liberally construed, the Court will evaluate the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Because the Court informed the Plaintiff that his amended complaint would supersede and replace his initial complaint, the Court considers only the allegations in the amended complaint. The Plaintiff alleges that in July 2013 he met with Houston County Sheriff Cullen Talton and Chief William Rape and informed them he knew of "illegal land deal[ ]s" involving the Houston County Board of Commissioners and the Warner Robins City Council. Though it is not clear from the complaint, the Plaintiff appears to link this alleged unlawful activity to the Houston County Sheriff's Department and former Houston County District Attorney Kelly Burke. The Plaintiff also told Sheriff Talton and Chief Rape that he knew they were "[setting] him up" but that he has been "[setting] them up a long time ago." The two allegedly became angry with the Plaintiff, told him to leave, and told him he should stay in "Davis Jurisdiction."[1] After his confrontation with Sheriff Talton and Chief Rape, the Plaintiff was afraid they would "be coming for [him]" because he "knew [too] much." Exactly what the Plaintiff knew is not clear.

The complaint next references two seemingly unrelated events that occurred later in July:[2] (1) the Plaintiff's attempt to get help paying his light bill because he was in bankruptcy, and (2) going with his mother to Warner Robins to a doctor's appointment and to run an errand. After getting in a fight with his mother, the Plaintiff attempted to

---

[1] The Court assumes this reference is to Sheriff David Davis in Bibb County.

[2] Though the Plaintiff says the first event took place on July 17, *2014*, he refers to the "next day" as July 18, *2013*.

-2-

walk back to Macon from Warner Robins. However, his "feet gave out on [him]" after about half a mile, so he called 911 to get an ambulance to take him to the hospital. The Plaintiff alleges that when the ambulance finally found him, the paramedic called dispatch and told them the Plaintiff had tried to kill himself in an effort to set the Plaintiff up. When he got to the Houston County Hospital, he did not receive food or a shower the first night. Additionally, the Warner Robins Police Department allegedly force-medicated him,[3] though the medication ended up lowering his blood pressure so he could be transferred to a mental hospital. Once he was transferred, the Plaintiff alleges he got the treatment he needed.

Though it is not clear how soon this occurred after his hospitalization, the Plaintiff next alleges he got a call "on a cell phone that is not in [his] name" from a Houston County Sheriff's deputy informing him that Houston County Chief Magistrate Judge Robert Turner, Sheriff Talton, and Chief Rape were trying to set him up. Apparently the "set up" was an incident report dated July 30, 2013, stating that Magistrate Judge Turner complained of receiving harassing communications at his office. The Plaintiff is listed as the suspect.

On September 9, 2014,[4] the Plaintiff allegedly went to the Houston County Sheriff's Department pretending that he wanted to "take a warrant on several people," but he was really trying to catch someone in the Sheriff's Department in an act of "p[e]rjury." The Plaintiff alleges that Deputy D.D. Jones, the Sheriff's deputy who wrote the incident report, lied about what the Plaintiff told him at the direction of his supervisor,

---

[3] The Plaintiff has not sued any of the hospital staff or any member of the Warner Robins Police Department.

[4] The incident report attached to the complaint lists the date as *October* 9, 2014.

Ronnie Harlowe. He then alleges that Jones and Harlowe threatened him to get him to leave and that an unmarked car followed him out of Houston County. Neither Jones nor Harlowe are defendants in this action. The Plaintiff is seeking $150 million in damages for "physical and [m]ental stress."

Because the Plaintiff is proceeding *in forma pauperis*, the Court is required to dismiss the case if it (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks and citation omitted).

A complaint is also subject to dismissal when it does not contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making the above determination, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. When a plaintiff is proceeding pro se, his pleadings may be held to a less stringent standard than pleadings drafted by attorneys and will be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Marshall*

*Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citation omitted).

It appears the Plaintiff is attempting to allege violations of his constitutional rights pursuant to 42 U.S.C. § 1983.  To prevail in a § 1983 action, the Plaintiff must show "(1) that [an] act or omission deprived [him] of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law."  *Marshall Cnty. Bd. of Educ.*, 992 F.2d at 1174 (internal quotation marks and citation omitted).[5]  The Plaintiff has sued Governor Nathan Deal, Attorney General Samuel Olens, Houston County Sheriff Cullen Talton, Houston County LEC Detention Center, and Houston County Board of Commissioners.

The complaint fails to state a claim on which relief may be granted against any Defendant and is therefore subject to dismissal.  It is unclear exactly how the Plaintiff is alleging his constitutional rights have been violated.  Though the Plaintiff alleges some vague threats have been made against him by Defendant Sheriff Talton, he has not alleged facts to plausibly suggest Sheriff Talton violated his constitutional rights, conspired to violate his constitutional rights, or is somehow responsible for the conduct attributed to non-defendants in his complaint.  Most of the conduct alleged does not involve any of the Defendants.  In fact, the only Defendant mentioned in the complaint in

---

[5] Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress … .

42 U.S.C. § 1983.

any detail is Sheriff Talton.[6]  Finally, Houston County LEC Detention Center is not an entity capable of being sued, and thus the claims against it are subject to dismissal on this ground alone.  *See Brannon v. Thomas Cnty. Jail*, 280 F. App'x 930, 934 n.1 (11th Cir. 2008); *Smith v. Dekalb Cnty. Jail*, 2014 WL 129509, at *1 (N.D. Ga.).

Because the complaint fails to state a claim on which relief may be granted, the case is **DISMISSED without prejudice**.

**SO ORDERED,** this 3rd day of June, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT

---

[6] The complaint mentions the alleged "illegal land deal[ ]s" involving the Houston County Board of Commissioners but says no more about it.